UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK S. HUGHES, JAMES H. HIGGASON, JR., DAVID CORBIN, HAROLD E. MCCOY, MUHAMAD AKEY RASOOL ABDUL, a/k/a DAVID RAPP, JOHN W. BRADLEY, KEVIN MITCHELL, KOREY ALLWOOD, DONALD LOCKE, DONNIE CHILDERS, HAROLD LONGSTON, DOES 1-6,<br><br>    Plaintiff<br><br>vs.<br><br>GEORGE W. BUSH, II, *et al.*,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CAUSE NO. 3:05-CV-253 RM<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Mark S. Hughes, James H. Higgason, Jr., David Corbin, Harold E. McCoy, Muhamad Akey Rasool Abdul, a/k/a David Rapp, John W. Bradley, Kevin Mitchell, Korey Allwood, Donald Locke, Donnie Childers, Harold Longston, and Does 1-6, *pro se* prisoners, submitted a complaint under 42 U.S.C. § 1983.

"Because the PLRA does not repeal or modify Rule 20, district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied." Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir., 2004). Therefore, before allowing this multi-plaintiff prisoner lawsuit to proceed, the court must determine whether the permissive joinder requirements of Rule 20 are satisfied.

"Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. 21.

> [W]e accord wide discretion to a district court's decision concerning the joinder of parties. We have recognized that this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion.

Chavez v. Ill. State Police, 251 F.3d 612, 632 (7th Cir., 2001) (citations and quotation marks omitted). Based on the facts of this case, joinder is not appropriate.

Each of these plaintiffs is proceeding *pro se* and none of them may represent each other. Because of this, each plaintiff must read and sign each filing related to his claims. Only five plaintiffs signed the complaint and only the lead plaintiff signed the exhibits captioned: Preliminary Statement, Defendants, Statement of Facts, General Factual Allegations, Class Action Facts, Cause of Action, and Prayer for Relief and Damages. Obtaining signatures from every plaintiff can be difficult even when co-plaintiffs are housed together. When they are housed separately and a filing is not jointly signed, FED. R. CIV. P. 5 requires that it be served on all other parties, including the other plaintiffs. Institutional rules prohibit inmates from corresponding within and between facilities for legitimate security reasons and inmates can be relocated at any time. *See* Sandin v. Conner, 515 U.S. 472, 485 (1995). The public records of the Indiana Department of

2

Correction show that these plaintiffs are already located in at least three different facilities. Though the complaint describes itself as a class action,

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

Fymbo v. State Farm, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Each of these plaintiffs is *pro se* and none of them can fairly and adequately protect the interests of the class. Because it would be fundamentally unfair for this case to proceed with multiple *pro se* prisoner plaintiffs who are inherently unable to comply with Rule 5, each of the named plaintiffs must be permitted to litigate their claims separately. The unnamed Doe plaintiffs are merely placeholders for a class action and so must be dismissed outright.

    Proceeding with multiple, separate litigation for each plaintiff under the same cause number would be distracting at best — and costly, confusing, and grossly inefficient at worst. The high risk of prejudice, expense and delay is unnecessary because separating different lawsuits into separate cause numbers is the routine manner for organizing court documents. Rule 21 provides that, "[p]arties may be dropped [from a case] . . . on such terms as are just." Though it would be unjust to merely dismiss all but the lead plaintiff, it is just to drop the other plaintiffs from this case and direct the clerk to open separate cases for each of them.

For the foregoing reasons, the court:

(1) **DISMISSES** the plaintiffs, Does 1-6;

(2) **DISMISSES** plaintiffs, James H. Higgason, Jr., David Corbin, Harold E. McCoy, Muhamad Akey Rasool Abdul, a/k/a David Rapp, John W. Bradley, Kevin Mitchell, Korey Allwood, Donald Locke, Donnie Childers, and Harold Longston;

(3) **DIRECTS** the clerk of this court to open a separate case for each of them with the complaint from this case and to place copies of all pertinent filings from this case in the appropriate new cases; and

(4) **DIRECTS** the clerk to assign each of the newly opened cases to the same judge who is assigned to this case.

SO ORDERED.

ENTERED: May  3 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court